## COSBY *against* The Lessee of BROWN.

### IN ERROR.

When an actual settler who has made some improvements, has been deterred by the violence of a younger settler from completing his settlement, and has for several years neglected to take steps for the recovery of his possession, it is a fact for the jury to decide whether he has not relinquished his settlement. He does not stand in the situation of a person having a legal title, who may bring ejectment at any time within 21 years.

An actual settler cannot support an ejectment without a survey.

UPON error to the Common Pleas of *Butler* county, the case was thus:

The lessor of the plaintiff below, claimed the premises in the ejectment as an actual settler. He commenced his settlement in the year 1797, erected a small house, cleared a piece of land, sowed an acre and a half of rye, fenced the ground, and went away in the autumn, with an intention to return in the ensuing spring and complete his settlement. In the spring of 1798 he did return; but one *James Cosby*, under whom the defendant entered, had in the mean time taken possession of the cabin, and by the menace of violence prevented *Brown* from continuing his improvement. *Brown* left the land, saying that he would not contend with force, but would resort to the law; he however returned to *Mifflin* county, his former place of residence, and until the 15th *March* 1805, when the present action was commenced, he took no measures to recover his possession. The *Cosbys* remained constantly on the land from 1798, and made several improvements.

In order to prove a survey of the premises, the plaintiff gave in evidence a paper signed by the deputy surveyor of *Butler* county, purporting to be a survey of a 400 acre tract, the field notes of which were in the following terms. " *Feb-*

" *ruary* 22d and 23d 1805. Surveyed by the direction of " *James Buchanan* on the tract that *William Cosby* lives on " now, beginning at a post, thence by *Ebenezer Beaty* 212 " perches, and to complete the said survey the long way of " the tract is to be east and west at the option of *Thomas* " *Brown* who claims the same." No other line was run, no other courses, distances or corners marked, nor were there any old lines by which the plaintiff's claim could be designated; but after the assistant deputy surveyor had run the 212 perches by *Beaty's* land, he then ran west about one *out.*

The Court of Common Pleas gave in charge to the jury, that " the paper given in evidence by the plaintiff as a survey, " was a legal survey, and an official designation of the plain- " tiff's claim; and that if *Thomas Brown* had the first actual " settlement, and was prevented by *James Cosby* from going " on to complete in the spring of 1798, what he had begun " towards the making of a settlement in 1797, his claim being " found by the jury to have been made with a *bona fide* inten- " tion to make an actual settlement in pursuance of what he " had done in 1797, he ought to recover." To this charge the defendant's counsel excepted, and the court put their seals to a bill of exceptions.

*Baldwin* for the plaintiff in error. 1. The plaintiff had no legal survey, without which a settler cannot support an eject-ment. The alleged survey in *February* 1805 was incomplete, although there was no obstacle to its completion. Only one entire line, and a small part of another were run; and there were no old lines of surrounding tracts, or lines previously run by public authority, which could be adopted by the plaintiff, to define the limits of his claim. If such a survey is valid, a single line with a memorandum that the greatest length of the tract is to be in a certain direction, must in all cases suffice. 2. The plaintiff did not continue his settlement. He made no effort to regain possession from 1798 to 1805. Now it is certain that a settlement may be both relinquished and forfeited. It may be given up intentionally, with a view to another enterprize, or it may be lost by not pursuing the directions of the law. An inceptive title by improvement is not a legal title, and therefore is not subject to the rules of a legal title; there must be a continuance of settlement for five

years, or the want of it accounted for. If the settler, though driven from his improvement, remains absent from it a long time, it is a question of fact whether he has not abandoned it altogether; and this fact should have been left to the jury. The charge was therefore erroneous, because it decided that if the plaintiff was once prevented by the defendant, he was entitled at all events to recover.

*A. W. Foster* for the defendant in error. 1. Whether all the boundaries were accurately fixed by the survey, is immaterial; the survey was sufficient to give title. It was made by the public officer whom the plaintiff could not control, and whose acts should therefore be construed favourably for him. It was as complete as many surveys which have received a judicial sanction. In *Hazard's Lessee* v. *Lowry* in the state court, only two corners were marked, and so in *Heidekoper's Lessee* v. *Burroughs* in the Circuit Court of the *United States.* Here one line was run, and two courses; and to overthrow such a survey, will involve the state in confusion. 2. It has been decided that an entry on the land by an adverse party, is a prevention within the act of 1792. (*a*) Prevention is an excuse for not prosecuting the settlement; and therefore in point of law the court below was right, because while the prevention lasted, it continued to be an excuse; and it lasted to the commencement of the action. If the plaintiff had not been prevented by *force*, there might be some ground for considering him as relinquishing the settlement; but the application or threat of violence in order to keep him off, is evidence of his resolution to persevere; and when he did leave the land, he left it with a declaration of the course he afterwards pursued. If a settler is removed by *force*, it should never lie in the mouth of the intruder to say that the settlement was relinquished. In such a case the settler has complied with the law, as far as was in his power; he has obtained a title to the land, and stands upon the footing of a common proprietor, who may bring his ejectment at any time within twenty-one years after his dispossession.

TILGHMAN C. J. after stating the case, delivered the opinion of the court.

(*a*) 1 *Binn.* 231.

There is no doubt but the plaintiff commenced a settlement in 1797, and returned to it in the spring of 1798 with a view of completing it. His right was *prior* to the defendant's; and if he had commenced an action soon after being prevented by the defendant, he must have recovered against him. But although he might have recovered if he had brought suit in a reasonable time, it does not follow that he may recover after a lapse of seven years. The law with respect to actual settlers was laid down by this court explicitly in the case of *Porter* and *Wright*, plaintiffs in error, against the Lessee of *Small*, defendant in error. If the settlement once commenced, is not continued without interruption, it lies upon the settler to account for it by some reasonable cause. A liberal allowance is made for a man who has evinced a *bona fide* intention to settle. Danger from an enemy, the death or sickness of the party or his family, the difficulty of procuring provisions, and a variety of other circumstances, are to be taken into consideration. But it must always be remembered, that the title is *imperfect*, till completed by improvement and residence of five years, and that though fairly and legally begun, it may at any time be relinquished. It is no uncommon thing for differences and even force to take place between settlers on the same tract; but although the prior settler may be in the first instance ill used, and driven off by force, he may not always chuse to pursue his settlement. As long as he is prevented by the apprehension of violence, he stands excused from prosecuting his improvement. And even if he brings no suit, it is possible that he may fairly account for it. But I cannot assent to the broad proposition contended for by the counsel for the plaintiff, that a man who is once prevented by violence, may retire from the land, and recover in an ejectment at any time within twenty one years. Such unreasonable delay may take place as would justify the younger settler, who had made use of force, in thinking that his adversary had relinquished all idea of settlement; and in that case, the law will not suffer the labours and expenses of years to be swept away. The title of a settler under our act of assembly is of a special nature. Until completed by improvement and residence, it is not to be compared to the case of a person possessed of a perfect legal estate, whose right of entry

is not barred by less than twenty-one years of adverse possession. We have been accustomed to leave it to the jury to decide, under the circumstances of each particular case, whether the settler has followed up the commencement of his settlement with reasonable diligence. In the case before us, the court below took it for granted that the plaintiff was at all events entitled to recover, if he was hindered by the defendant from prosecuting his settlement, in the year 1798. In this I think they erred; for it should have been left to the jury to decide, whether under the facts given in evidence, the plaintiff might not fairly be presumed to have relinquished his settlement.

Another point has been made respecting the plaintiff's survey. The defendant contends that no legal survey was made, and that without it, the plaintiff cannot recover. It has been determined in the Circuit Court that a settler cannot support an ejectment without a survey. But the facts respecting this survey are not so fully stated on the record as I could wish, to form a decided opinion. I confess that I shall always feel strongly disposed to support the case of a settler who has requested the officer appointed by the government to make his survey, and given him the necessary instructions, especially where the officer enters a survey in his book as having been actually made, and it is not pretended that a third person has been injured by making improvements which he would not have made, if he had known of an adverse claim. But upon this point I give no opinion.

Upon the whole my opinion is, that there is error in the charge of the Court of Common Pleas, and that therefore the judgment of that court should be reversed, a writ of restitution issue, and a *venire de novo* be awarded.

Judgment reversed.